IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CR. No. C-96-21 |
| | § | |
| PATRICIO ROGELIO AGUILERA. | § | |

## ORDER DENYING MOTION TO PRESERVE RIGHTS UNDER BOOKER

On January 13, 2006, the Clerk received from Defendant Patricio Rogelio Aguilera ("Aguilera") a document titled as a "Motion to Preserve Rights Under Booker to Challenge Enhancement of Career Offender Under U.S.S.G. § 4B1.1." (D.E. 73). In it, Aguilera argues that his Sixth Amendment rights were violated because the career offender enhancement was applied to him based on factual findings not admitted by him or found by a jury beyond a reasonable doubt. For support, he relies on the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Aguilera requests that his "career criminal Enhancement [be] removed" or that "his right to challenge such Enhancement [be] preserved for challenging should Booker become applicable to collateral attack." (D.E. 73 at 2).

His motion implicitly acknowledges that he cannot currently bring a claim pursuant to Booker because the Fifth Circuit has held that Booker is not retroactively applicable on collateral review. United States v. Gentry, __ F.3d __, 2005 WL 3317891 (5th Cir. Dec. 8, 2005). Pursuant to Gentry, Booker does not provide a basis for relief to a defendant, such as Aguilera, whose conviction became final before Booker was decided on January 12, 2005. Gentry, 2005 WL 3317891, *6 and n.2.

He appears to be contending, however, that the Supreme Court may in the future determine that Booker is retroactively applicable on collateral review, and at that time he would be entitled to relief. He states that he is "forced to petition the court to preserve his claim should Booker become

1

retroactive to a collateral proceeding." (D.E. 73 at 1). For the reasons set forth herein, the motion is DENIED.

## I.   ANALYSIS

Nowhere does Aguilera's motion identify the statute pursuant to which he seeks relief in this Court. While the proper vehicle for a challenge to the constitutionality of his sentence is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

The Court notes, however, that even if Aguilera had filed his motion as a § 2255 motion, this Court would not have jurisdiction to consider it. Aguilera previously filed a motion to vacate under 28 U.S.C. § 2255 in his criminal case. (D.E. 52). The Court denied the motion, and the Fifth Circuit denied his request for a certificate of appealability. (D.E. 62, 63, 65). Because of this background, any § 2255 motion filed by Aguilera now would be second or successive, and he has not obtained permission from the Fifth Circuit to file it. Accordingly, it would not be properly before the Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). His motion can be denied for this reason alone.

Aguilera's motion is also denied because he is not entitled to relief under Booker, even if the motion were his first § 2255 motion. As noted supra, the Fifth Circuit has squarely held that Booker does not apply retroactively on collateral review. United States v. Gentry, __ F.3d __, 2005 WL 3317891, at *6 (5th Cir. Dec. 8, 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Any claim based on Booker fails for this reason, as well.

The Court recognizes that Aguilera is simply trying to preserve his rights under Booker, in the hopes that the Supreme Court will determine that the case should be applied retroactively. He has cited to no authority, however, and this Court has not found any, allowing a § 2255 movant to merely file a motion as a type of "placeholder" and requiring the district court to allow it to remain pending until the Supreme Court chooses to address the retroactivity of an earlier case.

Aguilera correctly notes that, if the Supreme Court ultimately decides Booker is retroactively applicable, defendants will have to have filed their § 2255 motions not later than January 12, 2006. Dodd v. United States, 125 S. Ct. 2478, 2482 (2005) (limitations period under § 2255 ¶ 6(3) begins to run on the date on which the Supreme Court initially recognizes the right asserted). That date has now passed and the Supreme Court has not yet ruled on the issue. Cf. Dodd, 125 S. Ct. at 2483 (calling it a "rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year").

Thus, assuming the rule set forth in Dodd remains unchanged and Congress does not intervene, Aguilera will be unable to obtain relief under Booker even if the Supreme Court eventually determines the case should be applied retroactively on collateral review. This harsh result, however, is merely a consequence of a statute that Congress has enacted and that the Supreme Court is "not free to rewrite." See id. Furthermore, this harsh result does not give this Court license to ignore binding

authority. As the law stands now, Aguilera is not entitled to relief under <u>Booker</u>, and this Court must apply the law. <u>See</u> <u>Gentry</u>, <u>supra</u>.

**II.     CONCLUSION**

For the foregoing reasons, Defendant's motion (D.E. 73) is DENIED.

Ordered this 23rd day of January, 2006.

_____
Janis Graham Jack
United States District Judge